## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JAVIER PENA-CALLEJA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:11-CV-755-FRB |
| | ) |
| ALAN BLAKE, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner's application for leave to commence this action without payment of the required filing fee [Doc. #3]. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay the filing fee.

Javier Pena-Calleja has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking enforcement of an order of deportation by the United States Department of Justice. Because petitioner is not entitled to habeas relief, the Court will summarily dismiss the petition.

Petitioner was convicted of statutory rape and served a prison sentence in Missouri. Petitioner states that on July 7, 2010, he was adjudicated to be a sexually violent predator under Missouri's Sexually Violent Predator Act ("SVPA"), Mo. Rev. Stat. §§ 632.480 - 632.513. He believes his commitment is presently on appeal "in

state court." Petitioner has submitted an exhibit demonstrating that he is subject to an order of removal made by an immigration judge in a federal immigration court in December 2009. Petitioner states that the issue at bar is "this issue of the federal INS court order to deport [him] back to [his] country of Mexico." Petitioner is not challenging his civil commitment under the SVPA, but rather is seeking his immediate removal from the United States.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

At the outset, the Court notes that in June 2010, while petitioner was awaiting trial on whether he would be adjudicated to be a sexually violent predator under the SVPA, he brought a 28 U.S.C. § 2241 habeas corpus action, seeking his immediate removal from the United States for the same reasons advanced in the instant action. See Pena-Calleja v. Stolzer, No. 4:10-CV-1158-FRB (E.D.Mo.). This Court dismissed petitioner's claims, holding "Petitioner does not have a constitutional right to be removed from the United States. Petitioner is not exempt from civil commitment proceedings in the State of Missouri simply because he is not a citizen of the United States. And petitioner does not have a legal right to enforce an order

of an Immigration Judge in this Court . . . Finally, petitioner has not made a substantial showing of the denial of a constitutional right." Finding that petitioner was not in custody in violation of the Constitution or laws or treaties of the United States, the Court concluded that petitioner was not entitled to federal habeas relief and dismissed the action.

In the instant case, petitioner is attempting to relitigate the same claims and issues that he presented in Pena-Calleja v. Stolzer, No. 4:10-CV-1158-FRB (E.D.Mo.). The doctrines of res judicata and collateral estoppel, however, bar the relitigation of these matters. See United States v. Gurley, 43 F.3d 1188, 1195 (8th Cir. 1994)(res judicata; a claim is precluded by a prior lawsuit when: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action); Oldham v. Pritchett, 599 F.2d 274, 278-79 (8th Cir. 1979) (collateral estoppel). A review of the instant petition and Cause No. 4:10-CV-1158-SNLJ indicates that all the factors exist for barring the instant petition under the doctrines of res judicata and collateral estoppel. Moreover, habeas relief is barred for all the reasons the Court stated in Pena-Calleja v. Stolzer, No. 4:10-CV-1158-FRB (E.D.Mo.).

For these reasons, petitioner is not entitled to habeas relief, and this action will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's second motion to proceed in forma pauperis [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal will be filed with this Memorandum and Order.

Dated this 1st day of July, 2011.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE